IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:18-00074

CASSANDRA TILLER

**MEMORANDUM OPINION AND ORDER**

In Bluefield, on February 24, 2021, came the defendant, Cassandra Tiller, in person and by counsel, Wesley P. Page, Federal Public Defender; came the United States by John L. File, Assistant United States Attorney; and came Senior United States Probation Officer Amy Berry-Richmond, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on October 27, 2020.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, she has the right to a hearing and assistance of counsel before her term of supervised release could be revoked.  Whereupon the defendant admitted to the charges contained in the petition.  The court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 6 to 12 months.  The court further

found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years.  Neither party objected to the Guideline range and statutory penalty as determined by the court.  The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

     After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED,** pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and she is to be incarcerated for a term of one (1) month and she should be released from custody on **March 3, 2021.**  Upon release from imprisonment, defendant will serve a term of supervised release of thirty-five (35) months.  While on supervised release, defendant shall not commit another federal, state or local crime, and shall be subject to the Standard Conditions of Supervision adopted by this court.  All previously imposed conditions of supervision remain in effect.  The court further ordered that, upon release from incarceration, defendant successfully complete the 28-day program at Prestera Pinecrest in Huntington as a

special condition of supervised release.  Upon completion of the Prestera program, defendant is to successfully complete the 10-month program at Newness of Life in Huntington or, should that program become unavailable, another similar program deemed appropriate by the probation officer.  Should defendant be unable to immediately enter Newness of Life once she completes the Prestera program, she is to be placed on electronically-monitored home confinement until she is admitted to Newness of Life (or other similar program).  Finally, the court reimposed the unpaid portion of defendant's special assessment in the amount of $100.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of her right to appeal the court's findings and the revocation of her supervised release.  The defendant was further informed that in order to initiate such

an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if she wishes to appeal and cannot afford to hire counsel to represent her on appeal, the court will appoint counsel for her. The defendant was further advised that if she so requests, the Clerk of court will prepare and file a notice of appeal on her behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 24th day of February, 2021.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge