IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                        CRIMINAL NO. 1:18-00074

CASSANDRA TILLER

## MEMORANDUM OPINION AND ORDER

In Bluefield, on April 27, 2021, came the defendant, Cassandra Tiller, in person and by counsel, John C. Anderson, II; came the United States by Timothy Boggess, Assistant United States Attorney; and came Senior United States Probation Officer Amy Berry-Richmond, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on March 18, 2021.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, she has the right to a hearing and assistance of counsel before her term of supervised release could be revoked.  Whereupon the defendant admitted to the conduct outlined in the petition.  The court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 4 to 10 months.  The court further found that the Guideline ranges issued by the Sentencing

Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years. Neither party objected to the Guideline range and statutory penalty as determined by the court. The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and she is to be incarcerated for a term of ten (10) months. The court recommended that defendant be incarcerated at the nearest suitable facility to her family in the Bluefield, West Virginia area. Upon completion of her term of incarceration, the defendant will not be subject to any further supervision by the United States Probation Office. Finally, the court reimposed the unpaid portion of defendant's special assessment in the amount of $100. Defendant was ordered to pay any unpaid amount during her term of incarceration through participation in the Bureau of Prisons' Inmate Financial Responsibility Program in quarterly installments of no less than $25.00.

2

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of her right to appeal the court's findings and the revocation of her supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if she wishes to appeal and cannot afford to hire counsel to represent her on appeal, the court will appoint counsel for her.  The defendant was further advised that if she so requests, the Clerk of Court will prepare and file a notice of appeal on her behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United

States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 3rd day of May, 2021.

ENTER:

David A. Faber
Senior United States District Judge